IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ADAM LINDEN,<br>　　　　Plaintiff<br><br>v.<br><br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY and the<br>CITIGROUP DISABILITY PLAN,<br>　　　　Defendants | §<br>§<br>§<br>§<br>§　　CIVIL ACTION NO.<br>§　　　　6:20-cv-837<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Metropolitan Life Insurance Company wrongfully terminated long-term disability benefits owed by the Citigroup Disability Plan to Adam Linden.

### I. PARTIES

1.　Plaintiff Adam Linden is a resident of Blum, Hill County, Texas.

2.　Defendant Metropolitan Life Insurance Company (MetLife) is an insurance company licensed to do business in Texas. MetLife is the claims administrator of the Plan appointed to make final decisions on disability benefit claims. As a result, MetLife is a Plan fiduciary. MetLife can be served with citation by serving its agent for service of legal process CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

1

3. Defendant Citigroup Disability Plan (Plan) is a welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). The Plan owes Adam Linden disability benefits. The Plan can be served by serving the Plan Administrator MetLife through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## II. Jurisdiction and Venue

4. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, Waco Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the Plan are to Linden at his home in Blum, Hill County, Texas.

## III. Statement Of Facts

5. Adam Linden was a customer service representative for Citibank until approximately April 9, 2017, when he could no longer continue working due to type 1 diabetes, polyneuropathy, degenerative disc disease, depression, and anxiety.

6. Linden submitted a claim for disability benefits under the Plan and his benefits were approved. Linden continued to suffer debilitating pain, primarily from degenerative disc disease and diabetic peripheral neuropathy, and his claim for continued LTD benefits was approved by MetLife. In April of 2019, Linden

received a spinal cord stimulator to treat his pain. The spinal cord stimulator helped Linden with leg pain and instability, but did not help with Linden's severe polyneuropathy, the primary cause of Linden's disability. In June of 2019, Linden was approved for Social Security disability income benefits. Judge James W. Lessis, Administrative Law Judge with the Social Security Administration office in Waco, determined that due to chronic nerve pain due to uncontrolled diabetes, Linden would not be able to fulfill the obligations of any full-time employment. Judge Lessis' decision was provided to MetLife in support of continued LTD benefits.

7. Nevertheless, MetLife terminated Linden's LTD benefits effective August 15, 2019. MetLife determined that effective August 15, 2019, Linden could engage in full-time work. Relying upon its medical consultants who conducted reviews of Linden's medical records, MetLife contended that the spinal cord stimulator had been successful enough in mitigating Linden's pain so that Linden could maintain a full-time job. MetLife reasoned that the Social Security Administration decision was based upon Linden's condition before implantation of the spinal cord stimulator. MetLife failed or refused to acknowledge that the spinal cord stimulator did nothing to improve the symptoms of pain, numbness, and burning caused by Linden's progressive polyneuropathy.

8. Linden timely requested a fiduciary review. He provided treatment records as well as a written opinion from his treating physician of ten years, McDavid Mahaffey, M.D. Dr. Mahaffey opined that Linden remained disabled

from any occupation due to severe progressive neuropathy, idiopathic and peripheral, that was the result of his progressive 1 Diabetes, which he had been diagnosed with at eleven years of age, as well as mobility impairment, and chronic pain syndrome.  Dr. Mahaffey detailed in his progress notes that Linden had recently experienced multiple falls due to progressive numbness and weakness in his legs and feet.

9.  With his appeal Linden also provided an opinion from his pain management physician, Scott Berlin, M.D., as well as the results of a functional capacity test performed in September of 2019.  The functional capacity exam was performed by Matt Cole, PT MPT.  Mr. Cole noted that Linden required a cane to walk steadily, wore gloves to reduce the burning sensation in both hands, and had significant limitations due to weakness and pain.  He concluded that Linden gave a valid and consistent effort and that his functional ability was severely limited by pain throughout his limbs and torso, as well as a reduced range of motion.

10.  Dr. Berlin concluded that Linden was "significantly impaired from a functional capacity standpoint" and was disabled and "unable to safely work in any capacity."  He relied upon his examinations and treatments of Linden and the functional capacity examination conducted by Matt Cole.  Dr. Berlin noted that Linden's "impairment was a 76 based upon findings from a licensed physical therapist."

11.  Despite this clear evidence of Linden's continued inability to perform full-time work, MetLife denied Linden's appeal by letter dated March 4, 2020.

Linden was told that he had exhausted his administrative remedies and his only remaining option for potential recourse was filing suit under 502(a) of ERISA.

### Exhaustion of Appeal Requirements

12. Before filing this lawsuit, Linden exhausted his appeal rights as required by the policy and ERISA claims regulations.

### MetLife's Decision to Terminate Benefits Was Contrary to the Preponderance of the Evidence Or Was an Abuse of Discretion

13. Under a de novo standard, MetLife's decision to terminate Linden's LTD benefits was contrary to the preponderance of the evidence. The greater weight of the evidence within the record indicates that Linden remained disabled and remained entitled to LTD benefits under the Plan.

14. In the alternative, if there is language in the policy or plan-related documents that is interpreted by the Court to grant MetLife discretion and that discretion has not been deemed forfeited-making the Court's standard of review an abuse of discretion review-MetLife abused its discretion in terminating Linden's LTD benefits.

15. Linden's LTD benefits should have continued after August 14, 2019. The LTD plan entitles him to 60% of his pre-disability pay less applicable offsets. Social Security disability benefits are an applicable offset. As a result, his net monthly LTD benefit from MetLife and the Plan after offset is $150.00 per month.

### IV.  CAUSE OF ACTION UNDER ERISA

**Claim for Disability Benefits**

16.  Since MetLife wrongfully terminated his LTD benefits as of August 15, 2019, Linden seeks to recover his disability benefits from August 15, 2019 to the present under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

### V.  RELIEF REQUESTED

17. Linden is entitled to LTD benefits in the amount of $150 per month beginning August 15, 2019.   As of November 15, 2020, Linden is entitled to the sum of $1,950 in back benefits ($150 x 15 months).  Linden requests these back benefits as well as additional monthly benefits that accrue after November 15, 2020 but during the pendency of this litigation at the rate of $150.00 per month.

### VI.  ATTORNEY'S FEES

18.  Linden requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

### CONCLUSION

Wherefore, premises considered, Linden requests back benefits in the amount of $1,950 plus monthly disability benefits that accrue after November 15, 2020 but while this case is pending at the rate of $150.00 per month.  He also requests his attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Adam Linden**